IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN F. CAROSELLI, JR, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-864-K-BK |
| | § | |
| IAN KIMBALL, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** because venue is not proper in this Court.

On April 8, 2025, Plaintiff John F Caroselli, Jr., a resident of Fort Worth, Texas, filed a complaint against Service First Mortgage Company, of Plano, Texas, and two executives in its Plano office—Executive Director Ian Kimball and CEO Shawn Broussard. Doc. 3 at 1-2. Caroselli's allegations amount to a mere list of civil and criminal statutes and references evidence purportedly attached to the complaint:

> [CIVIL ISSUES] 18 U.S.C. § 1964 (RICO Act Violations), 18 U.S. Code§ 241 (Conspiracy Against Rights), 18 U.S. Code§ 242 (Deprivation of Rights Under Color of Law)
> [CRIMINAL ISSUES] 18 U.S. Code§ 63 (Mail Fraud and Other Offenses), 18 U.S. Code§ 1028A (Aggravated Identity Theft), 18 U.S. Code§ 1341 (Frauds and Swindles), 18 U.S. Code§ 1343 (Fraud by Wire, Radio, or Television), 18 U.S. Code § 1344 (Bank Fraud)

Doc. 3 at 3-4.

As relief, Caroselli requests:

> Deletion of the fraudulent debt(s), complete reversal of all payments back to payer, and treble damages (i.e. three times the mortgage's face value) due to the mental, physical, and emotional long-suffering the Plaintiff has endured under these false pretenses.

Doc. 3 at 4.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff sues an institution and two of its executives, all located in Plano, Texas (Collin County), and within the geographical boundaries of the United States District Court for the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(c)(3). Liberally construing Plaintiff's list of grievances against the Defendants, the events giving rise to his claims, if any, also likely occurred in Collin County. Importantly, Plaintiff does not assert that any acts or omissions occurred within the geographical boundaries of the Northern District of Texas. Thus, venue is not proper in this Court.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). See *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

The Court concludes that the interests of justice do not support the transfer of this case to the appropriate district, considering the relative infancy of the case and the failure of the complaint to comply with the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). Thus, the Court should instead exercise its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

Accordingly, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** as venue is improperly laid in this Court. See 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on April 17, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).